## Louise Bucker, Appellant, v. Central Business Men's Association, Appellee.

### Gen. No. 28,358.

1. PLEADING—*admissions by failure to deny.* In common-law pleading everything which is not denied is, by implication, admitted to be true.

2. RELEASES—*sufficiency of plea of.* Where a declaration on an insurance policy set up as a cause of action fraud and deceit in obtaining possession of the policy and the execution of a release, a special plea setting up the release was bad because the release did not purport to release the cause of action set up in the declaration.

3. PLEADING—*pleas insufficient when not responsive to all counts.* Where the beneficiary under an accident insurance policy brought action against the insurer under a declaration containing three counts, two in trover charging conversion of the policy and one for fraud and deceit in obtaining possession of the policy and of a release and receipt in full satisfaction signed by plaintiff, to which defendant set up a plea of not guilty and two special pleas setting up the release and the receipt respectively, such special pleas, not

meeting the charge in the count charging fraud and deceit, were insufficient and demurrers thereto should have been sustained.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. HARRY M. FISHER, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1923. Reversed and remanded with directions. Opinion filed April 30, 1924. Rehearing denied May 10, 1924.

RUFUS M. POTTS, C. W. ARMSTRONG and JOSEPH W. COX, for appellant.

HELMER, MOULTON, WHITMAN & HOLTON, for appellee; CHARLES R. HOLTON, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action in tort against the defendant. The amended declaration was in three counts; the first and second counts being in trover and the third count for fraud and deceit. The defendant filed three pleas. The first was a plea of not guilty and the second and third were special pleas. Plaintiff joined issue on the first plea and filed a demurrer to the second and third pleas. The demurrer was overruled. Plaintiff elected to stand by her demurrer and thereupon her suit was dismissed and she prosecutes this appeal.

The first and second counts of the amended declaration are substantially the same. They are counts in trover and by them plaintiff alleges that on the 15th day of December, 1919, she was lawfully possessed of a policy of accident and health insurance issued by the defendant to Merle Bucker, plaintiff's husband on the 26th day of July, 1916; that the policy provided, among other things, that in consideration of the payment of the annual premium by the assured to the defendant, the defendant agreed to pay plaintiff $5,500 in case the assured was accidentally killed. And it was further alleged that on the 15th day of

October, 1919, the assured died as the result of an accident; that due proofs of death were made and that the defendant thereby became liable to pay plaintiff $5,500 as provided in the policy; that afterwards on the 20th day of December, 1919, plaintiff lost the policy and it came into the possession of the defendant by finding; that it was worth $1,000; that the defendant refused to deliver it up to the plaintiff, but converted it to its own use.

The third count of the amended declaration is in tort for fraud and deceit. It charges the issuance of the policy by the defendant to the assured Merle Bucker in the sum of $5,500; that the defendant obtained possession of the policy by fraud after the death of the assured; that the assured was shot and killed by a robber who was attempting to steal the property of assured; that plaintiff was the wife of the assured and the beneficiary named in the policy; that she did all things required by the policy. This count further set up a provision in the policy to the effect that if the assured should carry other insurance covering the same loss without any written notice to the defendant, then the defendant should be liable only for such portion of the $5,500 as it bore to the total amount of like insurance. It further alleged that the policy was in full force and effect at the time of the assured's death; that during his life time he procured from the New York Life Insurance Company a life insurance policy which provided for an additional indemnity if the assured's death resulted from an accident, and that he gave no notice of the procuring by him of such policy to the defendant. It is further alleged in that count that the defendant for the purpose of cheating and defrauding the plaintiff, represented to her that there was due her under the policy but $3,563.07, by reason of the failure of the assured to notify the defendant that he had procured the policy from the New York Life Insurance Company. And it is further alleged that the defendant's

statement in this respect was knowingly false and fraudulent, in that plaintiff was entitled to the $5,500, because the policy issued by the New York Life Insurance Company was a life insurance and not an accident policy. It is further alleged that for the purpose of cheating the plaintiff, defendant agreed to pay her $4,500, provided she would surrender the policy and execute a release releasing and discharging the defendant from all further liability under the policy; that the plaintiff believed and relied upon the representations made by the defendant and thereupon executed a release, surrendering the policy and receiving from the defendant $4,500.

As stated, the defendant filed the general issue and two special pleas. Each special plea was to the three counts of the amended declaration. The first of the special pleas set up that no recovery could be had because after the issuance of the policy in question and after the death of the assured, and after plaintiff had made her claim and before the commencement of the suit, plaintiff made, executed and delivered to the defendant a certain release under her hand and seal. The release is set out *in hæc verba,* and by it the plaintiff acknowledges receipt of $4,500 "in full and final compromise settlement of any and all claims which have arisen or which may arise against said Association (defendant) under policy No. 29190."

The release further recites that in consideration of the payment of $4,500, plaintiff released to the defendant all her right, title and interest and demand accruing or accrued under the policy and all liability on account of the death of her husband. It is further stated in the release that it is understood that the defendant never admitted any liability under the policy, but denied any liability thereunder; that plaintiff derived her knowledge of the facts, and reached her conclusion to accept the $4,500 and surrender the policy separate and apart from any one connected with the defendant. The release further states that

it is understood and agreed that the $4,500 accepted is a compromise; that the same shall forever be a bar to any suit by plaintiff against the defendant on account of or accruing out of the policy. The plea then sets up that by virtue of the execution of the release and the payment of the $4,500 by the defendant to the plaintiff, she relinquished her right to the policy in question and to all claims and demands arising thereunder.

The second special plea is substantially the same, but in place of the release, set up in the first special plea, there is a receipt executed and delivered by the plaintiff to the defendant which acknowledges $4,500 in full settlement of plaintiff's claim under the policy. To these special pleas plaintiff filed a demurrer which was overruled, the suit dismissed and plaintiff appeals.

The question for decision then is the sufficiency of the pleas. A great deal is said in the briefs as to what construction should be placed upon the release which is set up in the first special plea, as to whether by it, plaintiff released the defendant from all claims of every character and nature, i. e., whether it was a general release or whether it simply released the defendant from all liability growing out of the policy. We think it clear that by executing and delivering the release plaintiff discharged and released the defendant from all claims that grew out of the policy but that it was not a general release, because it is expressly stated in the release that in consideration of the $4,500 paid plaintiff by the defendant, she compromises and settles "all claims which have arisen or which may arise against said Association under policy No. 29190." And again that she releases to the defendant all her right, title and interest accrued or to accrue under the policy. But we are also of the opinion that whether the release be construed as a general release of all claims as defendant contends, or whether it be construed as plaintiff contends as a

release of all claims growing out of the policy, is immaterial on this appeal, because plaintiff charges in her declaration as part of the fraud perpetrated upon her by the defendant the fraudulent obtaining of the release in question. The special plea does not deny the allegation of fraud set up in the declaration which charged the defendant with wrongfully obtaining the policy and release. This allegation, therefore, stands admitted on the record. *Hopkins v. Medley,* 97 Ill. 402. In that case, it was pointed out that in common-law pleading everything which was not denied is by implication admitted to be true. But without this the plea was bad because the release did not purport to release the cause of action set up in the declaration. On the contrary, it constituted a part of the very foundation of the cause of action alleged. *Talbot v. Cruger,* 72 Hun (N. Y.) 30.

Whether these special pleas would be good if they went to the two counts in trover only, we do not decide, but the pleas went to the three counts of the declaration and since they were insufficient to meet the charge in the count, charging fraud and deceit, the demurrer should have been sustained.

The judgment of the circuit court of Cook county is reversed and the cause remanded with directions to sustain the demurrer to the two special pleas.

*Reversed and remanded with directions.*

TAYLOR, P. J. and THOMSON, J. concur.